United States District Court
Southern District of Texas
**ENTERED**
October 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATHERINE MONROE, individually and on behalf of all others similarly situated, § § § § § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. H-19-05039 |
| ASSETCARE LLC; CF MEDICAL LLC; and JOHN DOES, § § § § § | |
| Defendants. § § | |

## PRELIMINARY APPROVAL ORDER

Catherine Monroe, individually and on behalf of all others similarly situated, moved for preliminary approval of the Class Settlement Agreement. Based on the hearing held on October 21, 2020, and the pleadings, motions, and submissions, and the applicable law, the court grants preliminary approval to the Class Settlement Agreement between the plaintiff, Catherine Monroe, individually and as representative of the class of persons defined below, and the defendants, AssetCare LLC and CF Medical LLC.

For purposes of this Class Action Settlement, and based on the parties' stipulations, the court finds as follows:

A. the class, including its subclass, is so numerous and geographically disbursed that joinder of all members is impracticable;

B. there are questions of law and fact common to the proposed class;

C. the plaintiff's individual claims are typical of the class members' claims;

D. the plaintiff is an appropriate and adequate representative for the class;

E. there are questions of law and fact common to the class and subclass that predominate over questions affecting only individual members;

F. a class action is superior to other methods for fairly and efficiently settling this controversy;

G. regarding appointment of class counsel under Fed. R. Civ. P. 23(g), the court finds, after considering the factors described in Fed. R. Civ. P. 23(g)(1)(A), plaintiff's counsel, STERN•THOMASSON LLP and CIMENT LAW FIRM PLLC, have, and will continue to, fairly and adequately represent the class members' interests; and

H. regarding the proposed settlement, after considering the Agreement attached to the motion, the court preliminarily finds that, subject to a final hearing, the settlement is fair, reasonable, and adequate.

Under Fed. R. Civ. P. 23(c)(1), and for settlement purposes only, the court certifies this action as a class action under Fed. R. Civ. P. 23(b)(2) and 23(b)(3) and, under Fed. R. Civ. P. 23(c)(1)(B), orders the following:

(A) The Settlement Class is defined as:

> All natural persons to whom AssetCare LLC mailed a letter between December 31, 2017, and January 21, 2020, which sought to collect a debt on behalf of CF Medical LLC, and offered a settlement of a debt on which the last payment or activity had occurred more than four years prior to the date of the letter without disclosing the debt was no longer legally enforceable.

(B) The Subclass is defined as:

> All Settlement Class members whose letter was mailed between December 31, 2018, and January 21, 2020.

(C) The Class Claims are defined as those claims arising under the Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq*. based on AssetCare's collection letter in the form of Exhibit A to Plaintiff's Complaint [Doc. 1].

(D) The Subclass Claims are defined as those claims arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. based on AssetCare's collection letter in the form of Exhibit A to Plaintiff's Complaint [Doc. 1].

(E) Appoints the plaintiff, Catherine Monroe, as the Class Representative.

(F) The firms STERN•THOMASSON LLP and CIMENT LAW FIRM PLLC are appointed as Class Counsel.

(G) Heffler Claims Group LLC is appointed as the Third-Party Administrator who will send Notice of Settlement to Class Members and administer the Settlement.

The court finds that the Class Claims are those claims arising under the TDCA, which, in this case, permits only injunctive relief. The Class Recovery set forth in the Agreement provides final injunctive and other equitable relief that is indivisible with respect to the entire class. The Class is certified under Fed. R. Civ. P. 23(b)(2).

The court finds that the Subclass Claims are those claims arising under the FDCPA, which permit recovery of individual and class statutory damages that directly flow from liability to the Class as a whole on the TDCA claims forming the basis of the injunctive relief, and that those monetary damages are measurable by objective, class-wide standards that do not vary based on subjective differences between individual Class members. The Subclass is certified under Fed. R. Civ. P. 23(b)(3).

The court finds the notices to Class Members (Exhibit 1) and Subclass Members (Exhibit 2), and the longform notice (Exhibit 3), which will be maintained on the website created by the

Administrator, along with the parties' notice plan, are the only notice required to be given the Class. This notice satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

The court approves the parties' proposed notices and directs that they be mailed to each Class Member's and Subclass Member's last known address, as shown in the defendants' business records. The Administrator will establish a website and toll-free telephone number, and will mail the notices to Class Members and Subclass Members on or before **November 20, 2020.** The Administrator will send the notices by any form of U.S. Mail that provides forwarding addresses.

Class Members will have until **February 5, 2021**, to exclude themselves from, or object to, the Settlement. Any Class Members who want to exclude themselves from the Settlement must serve their request on the Administrator by that date.

Any Class Members who want to object to the Settlement must submit their objection in writing to the Clerk of the United States District Court for the Southern District of Texas and serve a copy of their objection on the Administrator. All objections must be in writing, personally signed by the objecting Class Member, and include: (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number; (2) a sentence stating that to the best of their knowledge he or she is a member of the Settlement Class; (3) the name and number of the case: *Monroe v. AssetCare LLC, et al.*, Case No. 4:19-cv-05039; (4) the factual basis and legal grounds for the objection to the Settlement, and whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5) the identity of any witnesses who the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Class Member or their lawyer intends to appear at the Final Fairness Hearing. Any lawyer who

intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than **February 5, 2021**, and shall include the full caption and case number of each previous class action in which that lawyer(s) represented an objector.

Subclass Members shall have until **February 5, 2021**, to return a claim form to the Administrator seeking payment from the Subclass Recovery Fund.

To be effective, any Class Member's request for exclusion or objection, and any Subclass Member's claim, must be postmarked by **February 5, 2021**.

If not already filed, the defendants will, by **November 6, 2020**, file with the court its proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

A final hearing on the fairness and reasonableness of the Agreement and whether to finally approve it, and the requests for fees and expenses by Class Counsel, will be held on **March 12, 2021, at 9:30 a.m.**

SIGNED on October 22, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge