United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CATHERINE MONROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSETCARE LLC; CF MEDICAL LLC; and JOHN DOES,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:19-cv-05039<br>§<br>§<br>§<br>§<br>§<br>§ |

## FINAL APPROVAL ORDER

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement" or "Settlement") between Plaintiff, Catherine Monroe, individually and as representative of the class of persons defined below ("Class"), and Defendants, AssetCare LLC ("AssetCare") and CF Medical LLC ("CF Medical"), the Court orders and finds as follows:

This Court has jurisdiction over the subject matter of this lawsuit and the Plaintiff, Class Members, and Defendants.

The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(2) and (3):

> All natural persons to whom AssetCare LLC mailed a letter to an address in the State of Texas between December 31, 2017 and January 21, 2020, which sought to collect a debt on behalf of CF Medical LLC, and offered a settlement of a debt on which the last payment or activity had occurred more than four years prior to the date of the letter without disclosing the debt was no longer legally enforceable.

The Subclass is defined as:

> All Settlement Class members whose letter was mailed between December 31, 2018 and January 21, 2020.

The Class Claims are defined as those claims arising under the Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392, *et seq*. based on AssetCare's collection letter in the form of Exhibit A to Plaintiff's Complaint [Doc. 1].

The Subclass Claims are defined as those claims arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. based on AssetCare's collection letter in the form of Exhibit A to Plaintiff's Complaint [Doc. 1].

Excluded from the Class are:

(a) any person who is already subject to an existing settlement agreement with AssetCare or CF Medical;

(b) any person who was deceased as of the date of the Preliminary Approval Order and for whom an administrator or executor has not been appointed;

(c) any person who has filed for bankruptcy protection under Title 11 of the United States Code as of the date of the Preliminary Approval Order; and

(d) any Class Member who timely submitted a request for exclusion.

Based on the Parties' stipulations: (A) the Settlement Class and Subclass as defined are sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class members, and included whether or not the Defendants violated the FDCPA and TDCA by mailing consumers collection letters which offered a limited time settlement of a debt that was allegedly past the applicable statute of limitations for filing a lawsuit; (C) Plaintiff's claim is typical of Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Andrew T. Thomasson, Katelyn B. Busby, and Daniel Ciment, are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the Class claims.

The Court approved the Parties' form of Notices, and Plan for providing those Notices to, Class Members and Subclass Members. [ECF No. 44.] The Court is informed that the Court-appointed Third-Party Settlement Administrator, Heffler Claims Group ("Administrator"), sent

actual notice by first class mail to 28,569 Class Members of which 19,024 are Subclass; the Administrator who also created and maintained a website for Class Member inquiries. A total of 2,351 envelopes were returned by the United States Postal Service, 894 of which the Administrator was able to obtain forwarding addresses and successfully re-mailed the Notices.

The Court finds that Defendants timely sent proper notice to the appropriate state and federal regulators as required by 28 U.S.C. § 1715. [ECF Nos. 40 and 46.]

None of the Class Members or Subclass Members requested exclusion from, or objected to, the Settlement. By contrast, 492 Subclass Members have returned a claim form as of March 8, 2021, and are, therefore, entitled to a share of the monetary benefits of the Subclass Recovery as defined in the Agreement.

No state or federal regulator, or any other third party, has intervened or objected to the Settlement.

On March 12, 2021 the Court held a fairness hearing to which Class Members were invited, including those with objections, but no one appeared to voice any objection.

The court finds that the Class Claims are those claims arising under the TDCA, which, in this case, permits only injunctive relief. The Class Recovery set forth in the Agreement provides final injunctive and other equitable relief that is indivisible with respect to the entire class. The Class is certified under Fed. R. Civ. P. 23(b)(2).

The court finds the Subclass Claims are those claims arising under the FDCPA, which permit recovery of individual and class statutory damages that directly flow from liability to the entire Class on the TDCA claims forming the basis of the injunctive relief, and that those monetary damages are measurable by objective, class-wide standards, that do not vary on subjective differences between individual Class members. The Subclass is certified under Fed. R. Civ. P. 23(b)(3)

The Court finds the notices to Class Members and Subclass Members, and the longform notice maintained on the Class website, along with the parties' notice plan, are the only notice required to be given the Class. This notice satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

The Court finds the Settlement is fair, reasonable, and adequate and grants final approval to the Parties' Agreement including its Release and payments by the Defendants.

Pursuant to the Agreement, Defendants shall do the following:

(a) **Class Recovery—Deletion of Credit Reporting Tradelines**. Defendants represent that, as of August 28, 2020, they requested deletion of all tradelines concerning Class Members' accounts that are the subject of this Lawsuit from any credit reporting agency to whom they were reporting one or more of Class Members' CF Medical accounts which AssetCare was collecting.

(b) **Class Recovery—Waiver of Debts**. CF Medical will within seven (7) days of this Order: (i) consider each Class Members' account(s) that are the subject of this Lawsuit as disputed; (ii) permanently waive the entire balance owed for each Class Members' account(s) that are the subject of this Lawsuit; (iii) suppress the filing/reporting of a 1099-C form for all Class Members' account(s) that are the subject of this Lawsuit; and (iv) never sell, assign, or subject to further collection activity any Class Members' account(s) that are the subject of this Lawsuit.

(c) **Subclass Recovery**. Defendants shall create a class settlement fund of $100,000.00 ("Class Recovery"), which Class Counsel, through the Administrator will distribute *pro rata* (up to $30.00) to each Subclass Member who returned a claim form by April 12, 2021 and did not exclude him/herself from the Settlement. Subclass Members will receive their share of the Class Recovery by check which will be void 120 days from the date of issuance. By April 19, 2021 the Administrator must distribute to each subclass member who timely returned a claim form the subclass member's *pro rata* share of the settlement fund up to $30.00.

> **Residual Class Recovery**. If any portion of the Class Recovery remains unclaimed after the void date on the Claimants' checks, those remaining funds shall be distributed as a *cy pres* donation to the Texas Access to Justice Foundation. Any Subclass Recovery checks not cashed by the void date, along with any unclaimed funds remaining in the Subclass Recovery, will be disbursed in the following order: (i) to pay the costs associated with providing Notice to Class Members and administering the Subclass Recovery; and (ii) any remainder donated as a *cy pres* award to the Texas Access to

        Justice Foundation, who provides *pro bono* legal services to low-income Texans who would otherwise be denied access to justice.

(d) **Plaintiff's Recovery**. Defendants shall collectively pay $1,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B), plus an additional $5,000.00 for her services to the Class.

(e) **Class Counsel Fees & Costs.** Defendants shall collectively pay Class Counsel $100,000.00 for their attorneys' fees and costs incurred in the action based upon their hourly rates and materials submitted in support of final approval which the Court finds reasonable. Class Counsel shall not request additional fees or costs from the Defendants or Class Members. Defendants shall pay $50,000.00 of Class Counsel's attorneys' fees and costs incurred in this action by April 12, 2021, and the remaining $50,000.00 of Class Counsel's attorneys' fees and costs incurred in this action shall be paid by Defendants within ten (10) days of conclusion of the administration of the Class.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants shall make the following disclosures in any collection letter they send seeking payment on a time-barred debt owed to CF Medical from consumers who have Texas addresses:

(i) If the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has not expired under Section 605 of the Fair Credit Reporting Act (15 U.S.C. § 1681c), and CF Medical furnishes to a consumer reporting agency information regarding the consumer debt:

"THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. IF YOU DO NOT PAY THE DEBT, CF MEDICAL LLC MAY CONTINUE TO REPORT IT TO CREDIT REPORTING AGENCIES AS UNPAID FOR AS LONG AS THE LAW PERMITS THIS REPORTING. THIS NOTICE IS REQUIRED BY LAW."

(ii) If the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has not expired under Section 605 of the Fair Credit Reporting Act (15 U.S.C. § 1681c), but CF Medical does not furnish to a consumer reporting agency information regarding the consumer debt:

"THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT. THIS NOTICE IS REQUIRED BY LAW."

(iii) If the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has expired under Section 605 of the Fair Credit Reporting Act (15 U.S.C. §1681c):

"THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR

IT, AND WE WILL NOT REPORT IT TO ANY CREDIT REPORTING AGENCY. THIS NOTICE IS REQUIRED BY LAW."

A notice required under the foregoing provisions of this Order must be in at least 12-point type that is boldfaced, capitalized, or underlined or otherwise conspicuously set out from the surrounding written material. Such disclosure shall be made until and unless the TDCA provision Tex. Fin. Code § 392.307 providing for said language is amended, struck, or revised, or overruled or preempted by case law, statute or regulatory guidance.

The individual and Class Releases set forth in the Agreement are hereby approved and incorporated into this Order and are effective as of the date of this Order. Pursuant to the Releases contained in the Agreement, the Released Claims are hereby compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

The Plaintiff, Class Members, and their respective heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any Released Claims, except as provided for in the Agreement.

This Order, the Agreement, and the existence and nature of the Settlement shall not be construed Defendants' admission of any liability or wrongdoing in this or any other proceeding.

The Court finds the Agreement is fair and made in good faith and its terms are incorporated into this Order.

This Order shall operate as a final judgment and dismissal of claims against the Defendants with prejudice.

The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

The Court shall retain exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

SIGNED AND ENTERED this 12th Day of _____March_____, 2021.

_____
LEE H. ROSENTHAL
Chief Judge, United States District Court